**Mark A. MERRILL, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Michael D. SIMPSON and William V. Warren, Additional Defendants on Counterclaim.**

**No. C–C–85–0586–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 10, 1986.

H. Morris Caddell, Jr., Bailey, Patterson, Caddell & Bailey, Charlotte, N.C., for plaintiff.

Betsy E. Burke, Atty., Tax Div., Dept. of Justice, Washington, D.C., William M. Claytor, Haynes, Baucom, Chandler, Claytor & Benton, U.S. Atty., Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** is before the Court upon cross-Motions for summary judgment of the Plaintiff Mark A. Merrill ("Merrill") and Defendant United States of America ("Government"). The case involves unpaid employee withholding and FICA taxes of Landscape Associates of Charlotte, Inc. ("Landscape") for the first three quarters of calendar year 1983. The Government assessed $16,989.07 against Merrill based on his alleged liability as a "responsible person" of Landscape, who willfully failed to collect, truthfully account for, and pay over to the Government certain employee withholding and FICA taxes of Landscape, as prescribed by 26 U.S.C. § 6672.

Merrill paid $175.00 of the divisible tax liability in accordance with §§ 7422(a) and 6532 of the Internal Revenue Code in order to challenge the penalty issue. He seeks refund of the moneys paid and an abatement of the assessment. The Government has counterclaimed against Merrill for $16,814.07.

Merrill denies he was a responsible person of Landscape at anytime and further denies that he ever willfully failed in any manner to collect, truthfully account for, and pay over to the Government the subject employee taxes.

The tax liability of the two additional Defendants, Michael D. Simpson ("Simpson") and William V. Warren ("Warren"), has been resolved and respective stipulations for entry of judgment have been filed with respect to each. The only remaining issue is whether Merrill is liable for the penalty at issue.

## STATEMENT OF FACTS

Landscape was formed in January of 1983 with the stockholders being Simpson, Warren, and Merrill. There is evidence of possibly a fourth stockholder as indicated by the deposition of Michael Simpson that each of the four stockholders owned 25% of the stock. Simpson was president, Warren was vice-president, and Merrill was secretary until he left in the fall of 1983.

During the nine months that Merrill worked with Landscape, there were no formal meetings of shareholders, officers, or directors, and further, Merrill does not know whether there was even a board of directors for the company. There were few meetings regarding finances.

Merrill began working with Landscape when he was approximately 21 years old. Simpson, who is 36 years old, and Warren, Simpson's father-in-law, had both previously worked in another landscaping business, Four Season's Lawn Care, Inc. Simpson made the corporate disbursements and financial decisions for Landscape and, according to Merrill, determined Merrill's duties. Warren was responsible for the bookkeeping and tax returns. Merrill worked approximately 60 to 70 hours a week, while Simpson, a full-time city fireman, worked about 20 hours a week and, beginning in the summer of 1983, Warren worked 40 hours a week. All three were paid $300.00 a week salary.

Merrill was the field operations supervisor and was present at the business offices on a daily basis, having primary responsibility for supervising the four crews and insuring that proper tools and supplies were available.

During the first three quarters of 1983 Landscape employed three different bookkeepers. The first bookkeeper was fired

by Simpson and Warren and Simpson later decided to fire the second bookkeeper. Warren was the third bookkeeper, beginning work in the summer of 1983.

Landscape had two checking accounts, one for payroll and one for supplies. Simpson, Warren, and Merrill were each authorized to sign checks. Simpson, however, kept the checkbook in his possession. Although he did not prepare any payroll checks himself, Merrill would occasionally sign the payroll checks, apparently when he was the only one around with the proper authority to do so. On one occasion Merrill wrote a check for gas. When Simpson found out about it he was very disturbed and gave instructions not to let Merrill get his hands on the checkbook or write a check for anything again.

Merrill signed a tax return at the end of the second quarter of 1983. That return showed that Landscape owed more than $10,000.00 in overdue taxes. Merrill testified at his deposition that he really was not aware of what the return was and that he felt like he was just fulfilling a duty because he was the only one available at the time to sign the return. Merrill further testified that he was aware that taxes were being taken out of payroll checks and that he assumed that everything was being handled the way it was supposed to be since Simpson and Warren had been in the landscaping business for some time and had a bookkeeping system set up. Simpson testified at his deposition that he did not recall ever discussing taxes with Merrill.

On one occasion, Merrill also signed along with Simpson to borrow money on behalf of Landscape. Merrill testified in his deposition that everything had already been prearranged by Simpson and that he only needed to walk in the bank and sign his name.

The Government claims that Merrill never did anything to insure the company was paying the employee withholding taxes or to even inquire into it, even though he knew the business was having financial trouble. The Government submits that Merrill was charged with the responsibility of making certain the employee withholding and FICA taxes were being paid because of his interest of a shareholder and his active role in the day-to-day affairs of Landscape, regardless of whether his designated duties included finances. The Government points out that Merrill did have check-signing authority and did sign payroll checks. The Government further states that Merrill acted with reckless disregard as to whether the taxes were being paid because he knew the business was having financial problems and he further signed a quarterly tax return in 1983 which showed the delinquent taxes in excess of $10,000.00.

## DISCUSSION

Section 6672 of the Internal Revenue Code provides that:

[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this Title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under § 6653 for any offense to which this section is applicable.

Under §§ 3102(a) and 3402(a) of the Code, an employer is required to withhold income taxes and the employee's share of FICA taxes from its employee's wages. Under § 7501(a), the employee's tax withheld is held in trust for the Government by the employer and the taxes withheld are required to be paid over to the Government at quarterly intervals under Treasury Regulation 31.6071(a)–1.

Once the federal income and FICA taxes are withheld from the employee's wages, the Government is required to credit the amount against the employee's individual income tax liability, regardless of whether such taxes are actually paid to the Government and even though the credit may re-

sult in a refund to the employee. *See Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). Sections 6671 and 6672 of the Code were enacted to assure collection of these taxes. The purpose of § 6672 is to cut through corporate shields and impose a penalty on "those actually responsible" for the failure to withhold and pay taxes. *Pacific National Insurance Co. v. United States*, 422 F.2d 26 (9th Cir.), *cert. denied*, 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970).

The issues before the Court are, first, whether there exists a genuine and material factual issue as to whether Merrill is a responsible person under § 6672; and, second, whether there exists a genuine and material factual issue as to whether Merrill willfully failed to collect, truthfully account for or pay over to the Government certain employee withholding and FICA taxes of Landscape for the first, second, and third quarters of 1983. *See, Hartman v. United States*, 538 F.2d 1336 (8th Cir.1976).

■ Courts have frequently discussed the concept of a "responsible person" under § 6672. In *Monday v. United States*, 421 F.2d 1210 (7th Cir.1970), the court referred to responsible persons as those persons "with power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government." *Id.* at 1214. "This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds." *Id.* at 1214–15. Similarly, in *White v. United States*, 372 F.2d 513, 516, 178 Ct.Cl. 765 (1967), the court defined a responsible person as "one who has the final word as to what bills or creditors should or should not be paid and when." *Id.*, 372 F.2d at 516. It is the person or persons with whom the ultimate authority for the decision not to pay the tax lies. *Id.*

In *Hartman v. United States*, 538 F.2d 1336 (8th Cir.1976), the court discussed the concept of the responsible person as follows:

[A] responsible person is normally a managing officer or employee of the corporation, but he need not be such an officer or employee, and there may be more than one responsible person. A corporate officer or employee is responsible in present context if he has significant, albeit not necessarily exclusive, authority in the field of corporate decisionmaking [sic] and action where taxes due the federal government are concerned; but he need not be an actual disbursing officer. *Id.* at 1340.

■ In the instant case, the corporate power conferred upon Merrill included the power to hire and fire employees, but according to Merrill, this power extended no further than employees working in the area of landscaping labor.

Merrill had the power to sign checks, but it is conceivable that Merrill's authority in this area was utilized merely for the convenience of the corporation, primarily when Simpson was not around. Further, Merrill's check-signing authority, when exercised, extended to payroll checks, and on one occasion, to a check for supplies. In the latter incident, there is evidence indicating that Simpson became upset that Merrill had signed a check for gas.

Merrill also owned stock in the company. He thought he owned a one-third interest, however, Simpson's deposition testimony indicates that it was only a one-quarter interest. In any event, Merrill never received or even saw any stock certificates. Nor did he know of the existence of a board of directors of Landscape. There was never even a formal meeting of the shareholders or officers of Landscape.

Merrill co-signed with Simpson on a loan for the corporation, an arrangement which Simpson had obviously prepared and which Merrill had nothing to do with obtaining, except for providing a signature.

Merrill's power included the authority to sign a quarterly tax return in 1983, a return which he had not prepared and of which he testified that he signed "because my name was the only one available at the

time to put on it." [Deposition of Merrill, Ex. A, p. 16.] Merrill has testified that he was not aware that Landscape had not paid the employee withholding tax. Simpson stated that he did not recall ever discussing taxes with Merrill and that the decision not to properly pay taxes was Warren's.

In view of the governing law and the relevant facts of this case, this Court cannot conclude that there exists no genuine issue of material fact with respect to Merrill's being a responsible person under § 6672 and that the Government is entitled to judgment as a matter of law. There appears to be ample evidence from which a jury might find that Merrill's authority fell far short of that "for seeing that the taxes withheld from various sources [were] remitted to the Government." *See Monday v. United States, supra* at 1214. The Government has admitted that Simpson handled the corporate disbursements and financial affairs. The evidence indicates that there is a genuine issue of material fact with respect to the extent of Merrill's authority and whether it was significant in the field of corporate decision-making and action where taxes due the federal government are concerned. *See, Hartman v. United States, supra.*

Consequently, the parties' Motions for summary judgment on the issue of whether Merrill was a responsible person under § 6672 should be *DENIED*. Further, since summary judgment is denied with respect to the first issue of this case, then there is no reason for the Court to consider the second issue of "willfulness."